**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

IN RE: RONALD SATISH EMRIT,

                Respondent.

1:26-pf-3 (BKS)

---

**Hon. Brenda K. Sannes, Chief U.S. District Judge:**

## ORDER TO SHOW CAUSE

## I.    INTRODUCTION

On April 14, 2026, United States District Judge Mae A. D'Agostino issued an Order

dismissing *Emrit v. Cherniavska, et al.,* No. 26-cv-00034 (MAD/DJS) (N.D.N.Y. filed Apr. 14,

2026) (Dkt. No. 8), on the ground that the claims alleged in the complaint were "frivolous on

their face" and referring the plaintiff, Ronald Satish Emrit (named here as "Respondent"), to the

undersigned for consideration of whether to issue an order limiting Emrit's "ability to initiate

further litigation in this District" pro se. *Id.* (Dkt. No. 8, at 4). For the reasons that follow, the

Court orders Respondent to show cause why he should not be enjoined from filing any civil

action *pro se* in the Northern District of New York without prior leave of the Chief Judge or his

or her designee.

## II.    BACKGROUND

Since November 2022, Respondent has filed nine actions pro se in this District: *Emrit v.*

*Special Agent in Charge of FBI Field Office ("Emrit I")*, No. 22-cv-01159 (MAD/DJS)

(N.D.N.Y. filed Nov. 7, 2022, closed Nov. 15, 2022); *Emrit v. The Grammys Awards on CBS*

*("Emrit II")*, No. 23-cv-01155 (AMN/CFH) (N.D.N.Y. filed Sep. 8, 2023, closed June 21,

2024); *Emrit v. Combs, et al. ("Emrit III")*, No. 24-cv-00028 (GTS/CFH) (N.D.N.Y. filed Jan. 8,

2024, closed May 6, 2024); *Emrit v. Musk, et al. ("Emrit IV")*, No. 25-cv-00059 (GTS/TWD) (N.D.N.Y. filed Jan. 10, 2025, closed May 5, 2025); *Emrit v. Burnett, et al. ("Emrit V")*, No. 25-cv-01573 (BKS/ML) (N.D.N.Y. filed Nov. 7, 2025, closed Dec. 16, 2025); *Emrit v. Cherniavska, et al. ("Emrit VI")*, No. 26-cv-00034 (MAD/DJS) (N.D.N.Y. filed Jan. 6, 2026, closed Apr. 14, 2026); *Emrit v. Goodell, et al. ("Emrit VII")*, No. 26-cv-00052 (AMN/MJK) (N.D.N.Y. filed Jan. 9, 2026, closed Mar. 5, 2026); *Emrit v. Melber, et al. ("Emrit VIII")*, No. 26-cv-00254 (BKS/PJE) (N.D.N.Y. filed Feb. 18, 2026); *Emrit v. Obama, et al. ("Emrit IX")*, No. 26-cv-00393 (BKS/PJE) (N.D.N.Y. filed Mar. 12, 2026).

As to the disposition of the above cases, *Emrit I*, No. 22-cv-01159, was transferred to the Southern District of New York on the ground that venue in the Northern District of New York was improper. *See id.* Dkt. No. 6. *Emrit II*, No. 23-cv-01155, was dismissed with prejudice on the ground that Respondent sought to raise claims involving the same facts and the same defendant (the Grammys) that had been brought in, and dismissed as frivolous by, other district courts. *See id.* (Dkt. No. 10, at 4–5 (citing *Emrit v. Nat'l Acad. of Recording Arts and Sciences*, No. A-14-CA-392-SS, 2015 WL 518774, 2015 U.S. Dist. LEXIS 13578 (W.D. Tx. Feb. 5, 2015)). *Emrit III*, No. 24-cv-00028, was transferred to the Southern District of New York on the ground that venue in the Northern District of New York was improper. *See id.* (Dkt. No. 6). *Emrit IV*, No. 25-cv-00059, was dismissed on the ground that it was one of "many similar lawsuits initiated by Plaintiff in various U.S. District Courts, in which" Respondent sought monetary damages and injunctive relief against defendants Elon Musk, Vivek Ramaswamy, Speaker of the House Mike Johnson, and the Department of Government Efficiency," *see id.* (Dkt. No. 4, at 1–2 (citing cases from the Districts of Montana, Wyoming, Kansas, New Jersey, New Mexico, Connecticut, and Hawaii, Utah, Colorado, and South Dakota, as well as the

Eastern and Middle Districts of Louisiana, the Northern and Southern Districts of Iowa, the Eastern and Western Districts of Missouri, the Eastern and Northern Districts of Oklahoma, and the Western District of New York)), *report-recommendation adopted*, *id.* (Dkt. No. 6). *Emrit V*, No. 25-cv-01573, was transferred to the District of Maryland on the ground that venue in the Northern District of New York was improper. *Id.* (Dkt. No. 5). *Emrit VI*, No. 26-cv-00034, was dismissed as frivolous and without leave to amend, *see id.* (Dkt. No. 8, at 4). *Emrit VII*, No. 26-cv-00052, was transferred to the District of Maryland on the ground that venue in the Northern District of New York was improper, *see id.* (Dkt. No. 5). *Emrit VIII*, No. 26-cv-0025, and *Emrit IX*, No. 26-cv-00393, are pending before the assigned United States Magistrate Judge and awaiting initial review.

According to the Judiciary's Public Access to Court Records ("PACER") system, *see* https://pacer.uscourts.gov/ (last visited Apr. 28, 2026), Respondent has also filed hundreds of cases in nearly every federal district in every state, including the District of Columbia. A number of courts have issued "vexatious litigant" or pre-filing orders prohibiting Respondent from filing future actions without prior leave of court or paying a filing fee. *See Emrit v. United States Patent and Trademark Office*, No. 25-cv-11088 (E.D. Mich. April 23, 2025) (Dkt. No. 5); *Emrit v. Trump*, No. 19-cv-00018 (D. Ohio Feb. 26, 2019) (Dkt. No. 5) (enjoining Emrit from filing lawsuits unless he pays the filing fee or obtains prior permission); *Emrit v. Simon*, No. 17-cv-4605 (D. Minn. Nov. 14, 2017) (Dkt. 4, 9); *Emrit v. Providence Housing Authority*, No. 16-cv-00543 (D.R.I. Jan. 4, 2017) (Dkt. 5); *Emrit v. Ariz. Supreme Court*, 2016 WL 910151, at \*4, 2016 U.S. Dist. LEXIS 30047, at \*11 (D. Ariz. Mar. 9, 2016) (warning that continued filing of frivolous actions may result in "vexatious litigant order enjoining [Emrit] from filing any civil action" without prior leave); *Emrit v. Social Security Admin.*, No. 14-cv-01760 (D. Nev. July 29,

2015) (Dkt. 36); *Emrit v. Nat'l Academy of Recording Arts & Sciences*, 2015 WL 518774, at *4, 2015 U.S. Dist. LEXIS 13578, at *12–13 (W.D. Tex. Feb. 5, 2015) (issuing bar order); *Emrit v. AOL Time Warner, Inc.*, No. 14-cv-00314 (S.D.N.Y. May 16, 2014) (Dkt. 13); *see also Emrit v. Office Depot, Inc.*, No. 13-cv-2297 (D. Md. Jan. 3, 2014) (noting Emrit's filings may indicate he is vexatious); *Emrit v. Bank of America, Inc.*, No. 13-cv-547 (W.D.N.C. Oct. 7, 2013) (same). The Ninth Circuit has also entered a pre-filing review order against Respondent. *See In re: Ronald Satish Emrit*, No. 15-80221 (9th Cir. April 14, 2016)

## III.    DISCUSSION

### A.    Relevant Law

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996). Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts. *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 (2d Cir. 2005)); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction."). The Second Circuit has instructed that courts must consider the following factors in deciding whether to impose a pre-filing injunction:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Eliahu v. Jewish Agency for Israel*, 919 F.3d 709, 714 (2d Cir. 2019) (quoting *Iwachiw*, 396 F.3d at 528).

B.    Analysis

As outlined above, since 2022, Respondent has filed nine actions pro se in this District. Four of those actions were filed improperly in this District and were transferred, and three were dismissed on initial review for failure to state a claim. On June 21, 2024, in an order dismissing *Emrit II*, as duplicative of actions filed in other districts, United States District Judge Anne M. Nardacci specifically warned Respondent that further frivolous or duplicative actions could lead to the imposition of a pre-filing order. *Emrit II*, No. 23-cv-01155 (Dkt. No. 10, at 8). Despite this warning, between January 6, 2025 and January 16, 2025, Respondent filed more than thirty complaints, in as many federal district courts, including this District, naming Elon Musk as a defendant.[1] *See Emrit IV*, No. 25-cv-00059 (GTS/TWD) (N.D.N.Y. filed Jan. 10, 2025) (Dkt. No. 1). There can be no good faith basis for such harassing and vexatious conduct. Although Respondent is not represented by counsel and has not, to date, caused expense to *other* parties, Respondent has caused an unnecessary burden on the Northern District of New York and its personnel. In all, Respondent has filed actions before four district court judges and five magistrate judges, and management of those cases has required the extensive involvement of both Clerk's Office and Chambers' staff.

In light of the Respondent's ongoing efforts to file numerous lawsuits, even after having been subject to the sanction of being required to pay the filing fee in other districts, the Court

---

[1] Although the Court has not reviewed all the cases Respondent filed during this time period, the Court notes that all the complaints in the cases it did review, were identical. *See Emrit v. Musk*, No. 25-cv-100 (D. Colo. filed Jan. 10, 2025) (Dkt. No. 1); *Emrit v. Musk*, No. 25-cv-2012, (D. Kan. filed Jan. 10 2025) (Dkt. No. 1); *Emrit v. Musk*, No. 25-cv-00015 (D.N.M. filed Jan. 7, 2025) (Dkt. No. 1); *Emrit v. Musk*, No. 25-cv-00051 (W.D. La. filed Jan. 8, 2025) (Dkt. No. 1).

finds no sanction other than an order barring Respondent from filing future actions pro se, without prior approval, would offer defendants or the Court adequate protection. *See Eliahu*, 919 F.3d at 715 (noting that although the plaintiffs had the resources to pay filing fees, "the record demonstrat[ed] that monetary sanctions are unlikely to dissuade them from continuing their litigation campaign"). Therefore, after carefully reviewing the record, the Court concludes that, unless Respondent shows cause otherwise, Respondent shall be enjoined from filing any civil action *pro se* in this District without prior leave of the Chief Judge or his or her designee.[2] Notwithstanding the overwhelming support for a pre-filing injunction of this kind, fairness dictates that Respondent be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As a result, Respondent shall have fourteen (14) days from the date of this Order to show cause, in writing, why he should not be enjoined from filing any civil action *pro se* in this District without prior leave of the Chief Judge or his or her designee.

## IV.    CONCLUSION

**ACCORDINGLY**, it is

**ORDERED** that Respondent Ronald Satish Emrit shall, within **FOURTEEN (14) DAYS** of the date of this Order, show cause, in writing, why he should not be barred from filing any civil action *pro se* without prior leave of the Chief Judge or his or her designee;[3] and it is further

---

[2] A pre-filing injunction would not apply to previously filed actions.

[3] This injunction would apply to, among other things, any action Respondent filed pro se in state court that is removed to this Court as well as to any action Respondent filed pro se in another United States District Court that is transferred to this Court. *See Sassower v. Starr*, 338 B.R. 212, 218-19 & n.1 (S.D.N.Y. Bankr. 2006) (recognizing validity of pre-filing injunction expressly applying to actions removed from state courts to the Southern District of New York); *Jenkins v. Kerry*, 928 F. Supp. 2d 122, 126 (D.D.C. 2013) (noting that Southern District of Florida would apply its pre-filing injunction to case that was transferred there from the District for the District of Columbia); *Petrols v. Boos*, No. 10-cv-0777, 2012 WL 1193982, at *1, n.3, 2012 U.S. Dist. LEXIS 49785, at *2, n.3 (N.D. W. Va. Apr. 10, 2012) ("This pre-filing injunction does not preclude the plaintiff from filing an action in state court, but it does apply to cases filed in state court that are removed to this Court."); *Kissi v. Pramco, II, LLC*, No. 09-cv-0267, 2009 WL 8636986, at *1, 2009 U.S. Dist. LEXIS 61425, at *2 (D. Md. Feb. 12, 2009) (applying District of Maryland's pre-filing injunction to case that had been transferred from the District of Delaware).

**ORDERED** that, if Respondent does not fully comply with this Order, the Court will issue a subsequent order, without further explanation, permanently so enjoining Respondent; and it is further

**ORDERED** that the Clerk shall mail a copy of this Order to Show Cause to Respondent by regular and certified mail.

**IT IS SO ORDERED.**

Dated: April 28, 2026

Brenda K. Sannes
Chief U.S. District Judge